The next case on the calendar is Pelczar v. Pelczar. Good afternoon, your honors. May it please the court. I'm James Pelczar, pro se. On September 9th, 2019, the district court granted the defendant's motion to dismiss based on the probate exception with leave to amend and on September 20th, 2019, I filed a rule 60 motion on January 24th, 2020. The district court denied my rule 60 motion on the ground that I failed to allege that Judge Ann Donnelly overlooked any facts and case law. The fifth circuit in Curtis v. Brunstein gives the marshal two-step inquiry to determine whether the probate exception deprives a federal court of jurisdiction. Step one is whether the property in dispute is estate property within the state, two is if the plaintiff's claims would require the federal court to assume jurisdiction of that property. If the answer is yes to both, then probate exception applies. Please let's look at step one of the marshal inquiry. The IRS Department of Treasury, estate and gift taxes title 26 states as to any property or part thereof or interest therein of which the donor has so parted with dominion and control as to leave him no power to change its disposition, whether for his benefit or the benefit of another, the gift is incomplete, unquote. Please look, it's complete. I'm sorry, it's complete. Please look at three fundamental pieces of evidence, your honors, the petition for probate and the executor's deed. The petition for probate falsely lists my Whitestone property as part of my father's testamentary gross estate. Excuse me, are you are you saying that the problem is that it was wrongfully in the house, was wrongfully taken into custody by the probate court? It was never in custody. Of the probate court, your honor. But it was listed as as one of the assets of the estate. Right. And I think there was some argument at the time that it shouldn't be. And the probate court said, let's let's worry about that in a later proceeding that never happened. That's fine. So maybe the state court should not have assumed custody and control. But it wasn't everything that was done with the house done under the auspices of the probate court. No, sir. No, sir. The estate was that this is part of the shady and deceptive filings because at the time it's fraudulent misrepresentation because at the time the it was he didn't own it. So the New York state considered me the owner based on tax rolls, assessment rolls and the other evidence I provided in my judicial notice. And also on, you know, distinction, Mr. Pelser, in this case between the request that the house be conveyed to you and a lawsuit in personam against the lawyers and others who may have participated in what you say is a fraud. Yes, your honor. Yes, your honor. And I would like to quote Mr. Mimone's omission, and that is, quote, the specific issue of whether the Whitestone property is an asset of the probate estate was never before the surrogates court of Queens County. So may I continue, your honors? Sure. Thank you. Sorry, you answered the question. Thank you. So the so just to just to recap a little bit, please. The petition for probate falsely lists my Whitestone property of my father's testamentary gross estate at cash value of about seven of seven hundred thousand was sworn to as truth under oath signed by Doreen and notarized by Mr. Mimone. The list of assets inventory false lists my Whitestone property as a probate in the form of cash valued at six hundred sixty nine thousand dollars and lists non probate assets as two hundred and thirty one thousand dollars, both certified to be true by Doreen by Doreen Peltzer on April 6, 2016. Mr. Mimone also added his name, law firm address and phone number on that document. And I'd ask the court to please reference court district court document one exhibit E. Moving on, your honors, the executor's deed falsely lists my father's estate as party of the first part and as the seller of my Whitestone property. Doreen is listed as the buyer and the seller of my Whitestone property. Doreen attested to its truthfulness with our current attorney, Mr. Leifer, as notary. When we justifies the when we juxtapose the petition for probate, the list of assets inventory and the executor's deed with Mr. Mimone's April twenty nine statement, quote, the specific issue of whether the Whitestone property is an asset of the probate estate was never before the surrogates court of Queens County. That just that juxtaposition fails to pass, fails to pass the threshold of the marshals of Marshall's first step. And I'd like to draw the court's attention to district court document twenty one page one and circuit document fifty one page fifteen. Juxtaposing juxtaposing all three sets of that evidence with the deed fraud alert notification I received from the New York City Department of Finance. My judicial notice, my judicial notices showing the proper probate proceedings and showing the proper probate proceedings as followed in the case, which include orders, final accounting, affirmation, legal services, both of my claims, the article 15 claim and the fraudulent misrepresentation claim make it impossible to affirm Marshall's first step. And for the court's notice, please, the deed fraud alert notification is exhibit F of district court document. You're over time and I think and I think we understand the probate argument. I just wanted to I just had one question just to follow up on Judge Lynch. You are also pursuing a damages claim against the defendants for fraud, right? Yes. Well, I thank you for your argument. I think we we understand it and we will look back at the briefs and we have your your briefing. So thank you for coming. Excellent. Excellent argument. Thank you, Your Honor. And then sincere best wishes to you and your loved ones as we go forward. Thank you.